**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **DONNIE SCHAKOSKY** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CASE NO.  2:07CV300** |
| | § | |
| **CLIENT SERVICES, INC. AND** | § | |
| **CITIBANK, NATIONAL ASSOCIATION** | § | |
| | § | |
| **Defendant** | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Citibank (South Dakota), N.A.'s ("Citibank") Motion to Dismiss Under Rule 12(b)(6) (Docket No. 6) and Schakosky's Motion for Sanctions (Docket No. 9).  After considering the motion, the Court **GRANTS** Citibank's Motion to Dismiss Under Rule 12(b)(6), **DISMISSES** Schakosky's claims against Citibank without prejudice, and **DENIES** Schakosky's Motion for Sanctions.

## BACKGROUND

Donnie Schakosky alleges the following in his complaint.  Schakosky became delinquent on his Citibank credit card account and Citibank assigned the account to Client Services, Inc. ("CSI"). Thereafter, representatives from CSI called Schakosky at home and at work.  Schakosky informed CSI he was unable to take its calls at work.  CSI's representatives continued to call Schakosky at his place of employment and further informed Schakosky's employer that CSI wished to collect Schakosky's debt.

On July 20, 2007, Schakosky sued CSI and Citibank (collectively "Defendants") and alleges Defendants violated various sections of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692b, 1692d, the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.302, and

the Texas Deceptive Trade Practices Act ("TDPA"), Tex. Bus. & Comm. Code, § 17.50. Schakosky further alleges Defendants invaded his privacy by way of intrusion and Citibank negligently hired CSI to collect Citibank's debt. Schakosky contends CSI acted as Citibank's agent at all times and is liable for CSI's actions.

Citibank moves to dismiss all of Schakosky's claims. Schakosky cross-moves for sanctions.

## MOTION TO DISMISS

### Applicable Law

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate where a party fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, a court construes the complaint in favor of the plaintiff and takes all pleaded facts as true, no matter how improbable those facts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Lowrey v. Texas A&M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, __U.S. __, 127 S. Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 204 (5th Cir. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl.*, 127 S. Ct. at 1965. However, "in order to avoid dismissal for failure to state a claim . . . a plaintiff must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). A court "will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Id.*

### Analysis

<u>Agency Allegations</u>

Schakosky alleges "Citibank gave CSI express, implied, and/or apparent authority to act as

its agent with respect to collection of the Plaintiff's debt.  Further, Citibank ratified CSI's actions and conduct with respect to collection of Plaintiff's debt.  At all times, CSI's actions and conduct are imputed to Citibank."  Plaintiff's Original Complaint at 3 (Docket No. 1).

Agency is a consensual, fiduciary relationship between two parties, an agent and a principal, where the agent agrees to act on the principal's behalf, subject to the principal's control, and the principal confers on the agent the power to act on the principal's behalf. *Walker Ins. Servs. v. Bottle Rock Power Corp.*, 108 S.W.3d 538, 549 (Tex. App.—Houston [14th Dist] 2003, no pet.); *Royal Mortgage Corp. v. Montague*, 41 S.W.3d 721, 732 (Tex. App.—Fort Worth 2001, no pet.).  Agency relationships do not require the principal to expressly appoint the agent or assent to the arrangement, and the parties' conduct under certain circumstances may imply an agency relationship. *Walker Ins. Servs.*, 108 S.W.3d at 549.

The principal's conduct can create in the agent both actual and apparent authority to bind the principal. *Huynh v. Nguyen*, 180 S.W.3d 608, 622–23 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  The agent has actual authority when the principal's conduct communicates to the agent that it has authority to act on the principal's behalf. *Id.* at 623.  The agent has apparent authority when the principal's conduct communicates to a third party that the agent has authority to act on the principal's behalf. *Id.*

If an agent acts without authority, the principal can ratify the agent's action and is subsequently bound as if the agent had initially acted with the principal's authority. *Miller v. Kennedy & Minshew, P.C.*, 142 S.W.3d 325, 342 (Tex. App.—Fort Worth 2003, pet. denied).  A party need not show ratification by an express act, as ratification can occur when the principal retains the benefits of a transaction after he acquires full knowledge of the agent's unauthorized act. *Id.*  Of critical importance is the principal's knowledge of the transaction and his actions in light of

such knowledge.  *Id.*

Schakosky does not allege any facts to demonstrate Citibank expressly controlled CSI or that CSI had apparent authority to act on Citibank's behalf.  Further, there is no evidence Citibank knew about CSI's conduct.  Thus, Schakosky failed to adequately plead an agency relationship or ratification, and his agency-theory based claims are dismissed without prejudice.

FDCPA Claims

Schakosky alleges Citibank, as CSI's principal, violated the FDCPA, 15 U.S.C. §§ 1692b, 1692d, as a result of CSI's alleged unlawful communications and harassment or abuse.  However, in its Motion for Sanctions, Schakosky disclaims any cause of action against Citibank under the FDCPA.  To the extent Schakosky claimed Citibank violated the FDCPA, those claims are dismissed without prejudice.

TDCA and DTPA Claims

TEX. FIN. CODE § 392.302 holds liable debt collectors who oppress, harass, or abuse a person by:

> (1) using profane or obscene language or language intended to abuse unreasonably the hearer or reader;
> (2) placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number;
> (3) causing a person to incur a long distance telephone toll, telegram fee, or other charge by a medium of communication without first disclosing the name of the person making the communication; or
> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

TEX. FIN. CODE ANN. § 392.302 (Vernon's 2007).

Under the TDCA, a debt collector is "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts."  TEX. FIN. CODE ANN. §

392.301 (Vernon's 2007). A third-party debt collector is a debt collector defined by the FDCPA, 15 U.S.C. § 1692(a)(6), which is a person in a business whose primary purpose is debt collection or a person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.[1]  *Id.*

A creditor under the TDCA is the party, other than the consumer, to a transaction that involves one or more consumers. *Id.* A creditor is liable under the TDCA for an independent debt collector's action is the creditor has "actual knowledge that the independent debt collector repeatedly or continuously engages in acts or practices" the TDCA prohibits. *Id.* at § 392.306. Under TEX. FIN. CODE § 392.404, conduct that violates the TDCA violates the DPTA.

Whether Citibank is or is not a "debt collector" under the TDCA, Shakosky alleges CSI, and not Citibank, made the allegedly illegal phone calls. CSI is a "debt collector" and a "third party debt collector" under the TDCA. Thus, Schakosky has stated a claim under the TDCA against Citibank only if Citibank is liable as a creditor or if Citibank is vicariously liable for CSI's actions as its principal.

Schakosky does not allege any facts that suggest Citibank had actual knowledge CSI repeatedly engaged in practices allegedly prohibited by the TDCA. Likewise, as stated above, Schakosky has not pleaded sufficient facts to support his allegation that CSI was Citibank's agent or that Citibank ratified CSI's conduct, and thus he is not entitled to relief under the TDCA on a theory of vicarious liability. As Schakosky is not plausibly entitled to relief against Citibank, his TDCA claims are dismissed without prejudice. As Schakosky has not adequately stated a claim

---

[1] The TDCA excludes from the definition of "third part debt collector" attorneys who collect debt as attorneys on behalf of clients unless the attorneys have nonattorney employees who: (A) are regularly engaged to solicit debts for collection; or (B) regularly make contact with debtors for the purpose of collection or adjustment of debts.   TEX. FIN. CODE ANN. § 392.301 (Vernon's 2007).

under the TDCA, his DPTA claims against Citibank likewise fail and are dismissed without prejudice.

Invasion of Privacy by Way of Intrusion

To prevail on an intrusion cause of action, a plaintiff must show the defendant (1) intentionally intruded, physically or otherwise, upon the plaintiff's solitude, seclusion, or private affairs or concern, and such intrusion (2) would be highly offensive to a reasonable person. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993).  Additionally, the intrusion must be unreasonable, unjustified, or unwarranted.  *Household Credit Servs., Inc. v. Driscol*, 989 S.W.2d 72, 84–85 (Tex. App.—El Paso 1998, pet. denied).  Particularly egregious collection practices may give rise to a cause of action for intrusion of a debtor's privacy.  *Id.*

Schakosky alleges no facts that Citibank intruded upon his privacy.  His cause of action rests on whether CSI acted as Citibank's agent or if Citibank ratified CSI's conduct.

As stated above, Schakosky does not allege any facts such that it is plausible CSI acted as Citibank's agent when its representatives called Schakosky at home and at work or that Citibank ratified CSI's actions.  Schakosky invasion of privacy claim against Citibank is dismissed without prejudice.

Negligent Hiring or Supervision of CSI

An employer that negligently hires an incompetent or unfit person may be directly liable to third parties whose injury was proximately caused by the employee's negligent or intentional act. *See Golden Spread Council, Inc. No. 562 of Boy Scouts of Am.  v. Atkins*, 926 S.W.2d 287, 294 (Tex. 1996).  The duty and proximate cause elements are based on how foreseeable it was to the employer that the employee would harm the third party.  *See Mellon Mortgage Co. v. Holder*, 5 S.W.3d 654, 659 (Tex. 1999).  Thus, an employer is a responsible party when it employs one whom the employer

knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others. *Houser v. Smith*, 968 S.W.2d 542, 546 (Tex. App.—Austin 1998, no pet.) (citing *Arrington v. Fields*, 578 S.W.2d 173, 178 (Tex. App.—Tyler 1979, writ ref'd n.r.e.)).  To prevail on its negligent hiring claim, Schakosky must show (1) Citibank owed a legal duty to protect Schakosky from CSI's allegedly tortious conduct, and (2) Citibank's breach of that legal duty proximately caused Shakosky damages.  *Id.*; *Wren v. G.A.T.X. Logistics, Inc.*, 73 S.W.2d 489, 496 (Tex. App.—Fort Worth 2002, no pet.).

Schakosky fails to allege any facts to support his negligent hiring or supervision claim. Instead, the complaint recites legal conclusions.  Thus, without a plausible right to relief, Schakosky's negligence claims are dismissed without prejudice.

## MOTION FOR SANCTIONS

Schakosky claims he did not allege any claims against Citibank under the FDCPA.  Thus, he alleges Citibank's counsel filed its motion to dismiss the FDCPA claims without any factual grounds and solely to harass Schakosky.  Schakosky seeks sanctions in the amount of $1,000 for his attorney's fees.

**Applicable Law**

An attorney, when he signs a motion, certifies to the Court, that to the best of the attorney's knowledge, information, and belief, he does not present the motion for any improper purpose, such as to harass to cause unnecessary delay or needless increase in litigation costs.  FED. R. CIV. P. 11(a), (b).  Courts may, by motion or on their own initiative, impose appropriate sanctions upon the attorneys, law firms, or parties that violate Rule 11 or are responsible for the violation.  FED. R. CIV. P. 11(c).

**Analysis**

Schakosky claims in his motion he did not claim Citibank violated the FDCPA. However, Schakosky states in his complaint "[a]t all times, CSI's actions and conduct are imputed to Citibank." Plaintiff's Original Complaint at 3. Schakosky's complaint further alleges CSI's actions violated various sections of the FDCPA. *Id.* at 4–5. Citibank assumed Schakosky accused Citibank of vicarious violations of the FDCPA and responded accordingly. Given Schakosky's broadly written complaint, which imputes CSI's conduct to Citibank, Citibank reasonably believed Shakosky accused Citibank of various FDCPA violations. Thus, Citibank did not file its motion to dismiss for an improper purpose, and Schakosky's motion for sanctions is **DENIED**.

**CONCLUSION**

After considering the motion, the Court **GRANTS** Citibank's Motion to Dismiss Under Rule 12(b)(6), **DISMISSES** Schakosky's claims against Citibank without prejudice, and **DENIES** Schakosky's Motion for Sanctions. If discovery reveals evidence that gives rise to a claim against Citibank, Schakosky may seek leave to add Citibank as a defendant.

**So ORDERED and SIGNED this 21st day of December, 2007.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**